**LYON v. UNITED STATES.**
No. M–378.

Court of Claims.
Dec. 4, 1933.

Frank J. Albus, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (William W. Scott and Elizabeth B. Davis, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

There is no controversy over the facts in this case. About March 12, 1926, the plaintiff made an income tax return for himself and wife for the year 1925 showing a tax due of $994.66 which was duly paid. In arriving at the net income for this return plaintiff deducted $9,000, being the amount he had invested in the stock of a company known as the Silver Roll Oil Association. This deduction was listed under bad debts and explained under schedule F as "Stock Silver Roll Oil Co. worthless."

The Commissioner of Internal Revenue disallowed this deduction, and by reason thereof and some other adjustments determined that there was an additional tax due from the plaintiff of $2,488.97, which together with interest was paid by the plaintiff. On September 12, 1929, plaintiff filed a claim for refund in the sum of $1,393.06 for the year 1925 on the ground that the total cost of his stock in the Silver Roll Oil Association represented a deductible loss on his return for 1925. The Commissioner rejected this claim, and the sole question in the case is whether his action was proper.

We think it was. While the findings of fact show that it was evident as early as 1923 that the real estate owned by the company had little or no value for oil-producing purposes, and in 1925 a receiver was appointed to sell the property, dissolve the corporation, and disburse the remaining assets, the evidence fails to show the value of the assets in 1925 and how much plaintiff might expect to receive as a liquidating dividend when the property of the company was sold and distributed to the stockholders. This did not appear until 1927, at which time the plaintiff received a liquidating dividend of $582.72 and his wife a liquidating dividend of $72.84.

It is generally held that the mere appointment of a receiver or even a showing of bankruptcy of a corporation is not sufficient in itself and alone to entitle a taxpayer to deduct the cost of the stock in such corporation as worthless. For all this may happen merely because the corporation is unable to meet its obligations in the ordinary course of business. Nor do we think that the loss could be deducted as a bad debt. The allowance for loss in a case like the one at bar must be made under section 214 (a) (5) of the 1926 Act (26 USCA § 955 (a) (5) as a loss "sustained during the taxable year * * * if incurred in any transaction entered into for profit." Regulations 69, article 144, provide that when the stock of a corporation becomes worthless the cost may be deducted in the taxable year in which the stock became worthless. The distribution of the liquidating dividend showed that the stock never did become absolutely worthless. It did, however, fix the amount of the loss when made, which was in 1927.

The facts shown in the cases cited by plaintiff are so different from those in the case at bar as to make the decisions therein not applicable.

We think the decision of the Commissioner was right, and it is therefore ordered that the plaintiff's petition be dismissed.